IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:94-cr-01012-MP-AK

ERIC KIMBLE,

    Defendant.

_____/

# **O R D E R**

On May 19, 2010, this Court held a revocation hearing on two petitions alleging that Mr Kimble violated the conditions of his supervised release in two cases, 1:94-CR-01012-MP (Original Northern District of Florida case) and 1:10-CR-00012-MP (Northern District of Georgia case transferred to the Northern District of Florida on March 22, 2010). At the hearing held on May 19, 2010, Mr. Kimble challenged the first allegation in the petition: that he had committed Kidnaping - False Imprisonment and Robbery with a Firearm. The United States presented the testimony of two witnesses to establish Mr. Kimble committed the acts described in Violation Number One of both petitions. The United States also presented documentary evidence. The Defendant presented the testimony of one live witness, three witness affidavits, and also presented documentary evidence. The victim of the offense, Christopher Ramirez, was not called as a witness by the government. Instead, the victim's statements were told to the Court by Detective Jeffrey Nordberg. At the close of the hearing, the Court found that defendant had committed Violation Number One in the petition and imposed a sentence of 24 months. Doc. 128. Judgment was entered May 21, 2010.

    Defendant now files a motion asking the Court "to reconsider its findings and sentence

entered on May 19, 2010.  Also, the motion asks the Court to "vacate its previous findings and sentence and order a new revocation hearing at which the Government will be required to produce the victim in this case, Christopher Ramirez."  Doc. 138, p. 1 & p. 8.  That motion is currently under advisement.

In the meantime, the Defendant is uncertain as to the effect the motion to reconsider has on the deadline for filing an appeal.  Thus, not wanting to inadvertently allow the time for filing an appeal to expire, the Defendant filed a motion to extend time to file an appeal, Doc. 141.  Later, the Defendant filed the Notice of Appeal itself, Doc. 142.  In order to clarify the timing issues in this case, and to ensure that Defendant's rights are not threatened during the consideration of the motion to reconsider, the Court holds as follows.

In <u>U.S. v. Wilson</u>, 307 Fed.Appx. 314 (11th Cir. 2009), the Eleventh Circuit explained the effect of a defendant filing a notice of appeal while a previously filed motion for reconsideration was pending:

> The filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals. <u>Shewchun v. United States</u>, 797 F.2d 941, 942 (11th Cir.1986). The question this appeal presents, therefore, is whether Wilson's filing of the motion for reconsideration on April 14 gave the district court the authority to entertain the motion notwithstanding Wilson's subsequent filing of the notice of appeal.
>
> A defendant in a criminal case must file a notice of appeal within 10 days of the entry of judgment. Fed.R.App.P. 4(b)(1)(A). However, if a defendant timely files one of the tolling motions listed under Rule 4(b)(3), then the notice of appeal is not effective until the date of the entry of the order disposing of the tolling motion, or until the date of the entry of the judgment of conviction, whichever is later. Fed.R.App.P. 4(b)(3)(B). The three tolling motions listed in Rule 4(b)(3)(C) include a motion for judgment of acquittal, a motion for new trial, and a motion for arrest of judgment. Fed.R.App.P. 4(b)(3)(A). Moreover, "[a] valid notice of appeal is effective-without amendment-to appeal from an order disposing of any of the motions referred to in Rule 4(b)(3)(A)." Fed.R.App.P. 4(b)(3)(C).

> The Federal Rules of Criminal Procedure do not expressly authorize the filing of a motion to reconsider an order by the district court. Nonetheless, "the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir.1992) (citing United States v. Dieter, 429 U.S. 6, 8-9, 97 S.Ct. 18, 19-20, 50 L.Ed.2d 8 (1976)). In this case, the motion for reconsideration was timely since it was filed within the period of time allotted for appealing the March 31 order. Vicaria, 963 F.2d at 1414. Hence, the April 16 notice of appeal did not transfer jurisdiction to this court, i.e., it did not oust the district court of jurisdiction, until the district court entered its June 23 order denying Wilson's motion for reconsideration.

Wilson, 307 Fed.Appx. at 315. Thus, under the cases discussed above, the Court concludes that the filing of the notice of appeal does not deprive the undersigned of jurisdiction. Also, the filing of the motion for reconsideration tolls the time for filing an appeal, even though it is not specifically listed in Fed. R. App. P. 4. As a result, even without an order of the Court the defendant would have ten days after the entry of the order finally resolving the motion to reconsider in which to file his appeal.

In an abundance of caution, however, the Court will take the extra step of explicitly granting the motion for extension of time. Thus, because of the law stated above, it is hereby

**ORDERED AND ADJUDGED:**

The undersigned finds that good cause exists under Fed. R. App. P. 4(b)(4) to extend the time for filing an appeal until Monday, June 21, 2010, which is within the 30 days permitted by Fed. R. App. P. 4(b)(4). The motion to reconsider will be resolved in a separate order.

**DONE AND ORDERED** this  9th  day of June, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge